IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Russell, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 7983 |
| Credit Control, LLC, a Missouri limited liability company, and Equable Ascent Financial, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Tammy Russell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Tammy Russell ("Russell"), is a citizen of the State of Missouri, from whom Defendants attempted to collect a delinquent consumer debt owed to GE Money Bank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Control is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Credit Control conducts extensive and substantial business in Illinois.

6. Defendant Credit Control is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Credit Control acts as a collection agency in Illinois.

7. Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of

which debts it then tries to collect through other debt collectors, like Defendant Credit Control.

9. Defendant Equable is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>C</u>. In fact, Defendant Equable conduct business in Illinois.

10. Defendant Equable is licensed as a debt collection agency in the State of Illinois. <u>See</u>, record from the Illinois Division of Professional Regulation attached as Exhibit <u>D</u>. In fact, Defendant Equable acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

11. Ms. Russell is a disabled women with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant Equable bought Ms. Russell's GE Money Bank debt after she defaulted on it, and when Defendants began trying to collect the debt from Ms. Russell, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. On September 17, 2010, one of Ms. Russell's attorneys at LASPD informed Defendants, in writing, that Ms. Russell was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Russell was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

13. Nonetheless, Defendants sent a collection letter, dated October 7, 2010, directly to Ms. Russell, in which they continued to demand payment of the GE Money Bank debt. A copy of this letter is attached as Exhibit <u>F</u>.

14. Accordingly, on November 16, 2010, Ms. Russell's LASPD attorney had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communication And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Russell's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit E). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew that Ms. Russell was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing (Exhibit E), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Russell.  By directly sending Ms. Russell the October 7, 2010 letter (Exhibit F), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Tammy Russell, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Russell, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tammy Russell, demands trial by jury.

                                          Tammy Russell,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: December 16, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com